IN RICHMOND SUPERIOR COURT.

Charles D. Stewart *vs.* William. G. Grimes and Albert W. Jones.

*Verdict for Plaintiff, and motion for New Trial.*

This was an action of debt on a bond conditioned for the delivery on a given day of certain deeds and muniments of title to a tract of land sold by Grimes, one of the defendants, to the plaintiff, for and in consideration of certain judgments against him in favor of Stewart and Hargraves, amounting to $4716. Breach assigned was the non-delivery of the deeds and papers recited in the bond and damage averred to have been sustained equal to the penalty of the bond.

At the trial of this cause the principal question which arose was as to the sufficiency of the proof offered to sustain the averments in the declaration, that is to prove the breach assigned and the damage sustained by reason thereof. The only proof offered was the bond itself. It is certainly true as contended for by defendants' counsel, that the breaches assigned must be proven as every necessary averment must be, but it does not follow that this proof must be *aliunde* the bond. In an action on a bond conditioned for the payment of a debt by instalments, a breach must be alleged that is the non-payment, and so of a bond conditioned for the payment of rent. But the simple production of the bond is sufficient to put the defendant upon proof of his performance of the condition, else the plaintiff must be driven to the legal absurdity of proving a negative, or fail in his suit. In principle this case does not differ; for though the condition here is not for the delivery of money, it is for the delivery of certain deeds and papers at a given time, the non-delivery of which cannot be proven except by proving a negative, and from the very nature of this case the burden of proof is thrown on the defendants to prove the affirmative.

As to the damages, it is clear that they must be proven, as this is not a bond in which the damage has been liquidated. Yet it is not without some evidence on that subject. The condition is for the delivery of deeds and muniments of title to a tract of land sold by Grimes, one of the defendants, to the plaintiff. Now there may be two measures of damage in such cases. One, the consideration or price paid for the land, with interest; the other, the value of the land at the time of the breach. If the first be the rule adopted, this case is a clear one, as the price is distinctly mentioned in the bond. If the latter be the rule, then the jury had the value agreed on by the parties five months before the time of the alleged breach from which to ascertain the value at the time the con-

*Marginal notes:*

In an action upon a bond conditioned to pay a debt by instalments, or to pay rent, the simple production of the bond on the part of the plaintiff is sufficient to put the defendant upon proof of the performance of the condition: And the same prinsiple is applicable to a bond conditioned to deliver, on a given day, a deed and muniments of title.

If a defendant has his testimony in court, and refuses to introduce it at a proper time, resting his case on matter of law, and the benefit of a concluding argument, and after the case has been argued for plaintiff, he cannot then be permitted to change his position and introduce his testimony.

The discovery of new and material testimony, after verdict, is a good ground for a new trial.

When a new trial is granted on the verdict of a petit jury, and it is shown to the court that the party is unable to appeal, because he cannot give security, the court will

27

RICHMOND.

STEWART
*v.*
GRIMES and
Another.

on payment of costs, direct the case to be transferred to the appeal docket, and allow it to be tried before a special jury.

dition was to be performed. And though this is not very clear proof of the actual damage, it is such as to entitle the plaintiff to have his case submitted to the jury, whose province it is to assess the damage according to the proof and who must have given at least nominal damages.

Surprise is insisted on as a ground for new trial. It will sometimes be considered sufficient, but not such surprise as is complained of here, which is no other than the discovery of an error in a verbal report of a case determined in another county. If a party choose to rest his cause on a point of law, and the law be decided against him, he cannot complain of surprise, though he may of the error of the court, if it be in error. And it may here be remarked that the most uncertain means of knowing either what the law is, or what it has been adjudged to be, are the verbal reports of cases made, frequently by persons not concerned in them, and who hearing but part, misconceive the whole, and misapprehend the points on which they turn, as well as the decisions of the court.

"Because the judge would not permit the defendants to introduce their evidence to the jury, before they had withdrawn, which they had an undoubted right to do," is another ground on which the defendants rest their motion. That they had an undoubted right to introduce their evidence is true, and they were called on to do so, but refused, resting their cause on a matter of law, and the benefit of a concluding argument before the jury. After the plaintiff's counsel had concluded his argument, the defendants thought proper to change their position, and to introduce their witnesses, and moved accordingly, relying on the authority of Mercer *v.* Sayre and Toler, 7 John. Repts. 306. The Supreme Court of New York placed this matter entirely at the discretion of the judge. Yet for convenience in the transaction of business in courts as well as for the advancement of justice, this discretion should be limited by some rule, and not be exercised capriciously. But the facts of the case cited are quite different from the facts in this, and the utmost latitude of discretion that court might be inclined to allow, would (it is believed) not reach a case such as this. In the New York case, both parties had introduced their evidence, the defendants' counsel had closed his argument, and plaintiffs' counsel was before the jury, when an important fact which had a material influence on the cause in favor of the defendant was for the first time discovered by him. The plaintiffs' counsel was before the jury. He might reply to the newly discovered evidence or comment on the testimony, and no possible injury could result from its introduction. In the exercise of a sound discretion, and for the advancement of justice, the evidence should have been received. It would have been received here, according to a pretty uniform practice, and if discovered after verdict, would have been good

ground for new trial.   But no case has been known here, or (I presume) elsewhere, in which a defendant has been allowed to set still, with his testimony in court, and permit the plaintiff to unfold his cause, argue it to the jury, disclose its strength or weakness, and then instead of argument reply with his testimony at a time when possibly the plaintiff may have dismissed his witnesses, necessary to meet the new defence.

The last ground insisted on by defendants in favor of their motion is, "That they have since the trial discovered new and material testimony, viz. the admission of the plaintiff himself, that no damage had accrued or could accrue to him by reason of the alleged non-performance of the condition of the said bond."   Granting new trials is an exercise of that equitable discretion which belongs to courts of law, and is necessary to enable them in many cases to render exact and complete justice.   Among the various cases in which this power should be exerted, our courts recognize the discovery of evidence, which, had it been known, and could it have been used at the trial, would probably have produced a different result.   For though the court will not grant a new trial to let the party into a defence of which he was apprised at the trial; yet if he were ignorant of the defence, or of the witness by whom it could be sustained, and come to the knowledge of them while the court has the control of the cause, it will not compel him to submit to an unjust verdict, nor drive him into a Court of Equity for relief; but will afford him an opportunity of making his defence by granting a new trial.   In this case, the newly discovered testimony is very material.   The principal question before the jury was, as to the damage sustained by the plaintiff, and their verdict is for the whole amount of the judgments recited in the bond as the consideration for which the land was sold.   Now, if Grimes were the only defendant, this verdict, which remits the plaintiff to his rights as they stood before the sale of the land, might be permitted to remain.   But Albert W. Jones is also a defendant, and seems to stand in the light of a security to the bond, as he does not appear to have been any way concerned in the price for which the land was sold.   Then what is the extent of his obligation ?   Surely he is not to be considered as becoming security for the judgments of Stewart and Hargraves, or as warranting the title to the land.   He only bound himself to respond to the damage plaintiff might sustain by the non-performance of the condition of the bond.   And if it be true that he has sustained no damage, and this can be shown by plaintiff's own admission, the verdict as against him, at least, is neither consistent with equity nor justice.   The cause was tried before a petit jury from whose verdict an appeal to a special jury is allowed by law as matter of right, on payment of costs and giving security.   With such verdicts, unless

RICHMOND.

STEWART
*v.*
GRIMES and
Another.

RICHMOND.

STEWART
*v.*
GRIMES and
Another.

grossly and flagrantly unjust and illegal, the court will not interfere, if the defendant have the power to avail himself of his legal privilege. But the misfortune or poverty of a defendant in a case such as the one before the court, should not deprive him of a special jury trial, justly considered the most effectual safe-guard of his rights. The inability of defendants to give the required security is shown to the court.

Upon the payment of costs let the rule be made absolute, and the cause transferred to the appeal docket, to be tried by a special jury.